SIX FLAGS OVER MID–AMERICA,
INC., Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent,

and

International Union, United Plant Guard
Workers of America, Intervenor.

No. 79–2051.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 14, 1981.

Decided Jan. 21, 1981.

Arthur J. Riggs, Johnson, Bromberg, Leeds & Riggs, Dallas, Tex., for petitioner.

Christine Weiner, Atty., N. L. R. B., Washington, D. C., for respondent.

Before HEANEY, Circuit Judge, GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

This case is before the Court upon the petition of Six Flags Over Mid-America, Inc., to review and set aside a bargaining order of the National Labor Relations Board. The Board has filed a cross-application for enforcement and the International Union, United Plant Guard Workers of America, has intervened on behalf of the Board. We enforce the order of the Board.

On November 20, 1978, the Union filed with the Board a Petition for Certification as collective bargaining representative for a small group of security guards at Six Flags' amusement park in Eureka, Missouri. On January 18, 1979, an election was held among the employees; six ballots were cast for the Union and seven against. The Union filed objections, which were resisted by Six Flags on several grounds. In a report issued on February 14, 1979, the Board's Regional Director overruled some of the Union's objections and directed that a hearing be held on others. Before the hearing could be held, however, Six Flags and the Union entered into a stipulation setting the first election aside, and a rerun election was scheduled.

About three weeks prior to the rerun election, Six Flags sent its employees a letter notifying them of the stipulation and the impending second election. The letter explained that the stipulation was entered

in order to expedite matters and was not an admission of wrongdoing on the part of Six Flags. Shortly after they received the letter, several guards gathered in their lounge at work. At that time, two Union adherents, Gerald Walters and John Rodden, referred to the letter as, in essence, an admission of guilt by Six Flags.

The rerun election was held on March 15, 1979; the Union won by a vote of six to five. Six Flags objected to the election, primarily on the basis of the statements of Walters and Rodden. The objections were overruled by the Board and the Union was certified. Nevertheless, Six Flags refused to bargain with the Union and, pursuant to a charge filed by the Union, the Board's General Counsel issued a complaint alleging that Six Flags had violated sections 8(a)(1) and 8(a)(5) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1) & (5). Six Flags asserted that its refusal to bargain was justified because the Board had improperly overruled its objections to the rerun election. The Board rejected Six Flags' contentions, however, ruling that the conduct of Walters and Rodden was unobjectionable because it was not attributable to the Union and because it was not the type of conduct that would warrant setting aside the election. The Board then issued the bargaining order that is the subject of the dispute in this case.

Six Flags bases its case for reversing the Board on a series of National Labor Relations Board rulings involving union or employer attempts to mischaracterize Board action or otherwise abuse the Board process in order to influence the outcome of an election. *See, e. g., Kinney Shoe Corp.*, 105 L.R.R.M. 1093 (1980); *Gulton Industries— Femco Division*, 240 N.L.R.B. 546, 100 L.R.R.M. 1321 (1979); *Formco, Inc.*, 233 N.L.R.B. 61, 96 L.R.R.M. 1392 (1977); *Dubie-Clark Co., Inc.*, 209 N.L.R.B. 217, 85 L.R.R.M. 1322 (1974).

We agree, however, with the administrative law judge's conclusion that the cases relied upon by Six Flags are clearly distinguishable from this case. Here, the statements were made at an informal gathering of employees and were a natural response to the employer's letter. They were in no real sense characterizations of Board action, but were, as the administrative law judge found, "clearly expressions of personal opinion easily recognizable by the electorate as such, and were readily susceptible of evaluation by the employees, all [of] whom had a copy of [Six Flags'] letter to assist that evaluation." Moreover, Walters and Rodden, though they supported the Union, cannot be considered Union agents for purposes of evaluating the conduct in question here. Their personal opinion on Six Flags' motivations must not be viewed as Union efforts to improperly influence the election. It would simply not be possible to monitor the personal, informal expressions of every employee who happens to have pro or anti-union inclinations.

Accordingly, the application to enforce the bargaining order of the National Labor Relations Board is hereby granted.